MARK DOUGLAS HERBERT, ESQ. (CO Bar No. 023691)
THE LAW OFFICES OF MARK DOUGLAS HERBERT, P.C.
2215 Ford Street
Golden, Colorado 80401
Telephone (303) 279-0650
Facsimile (303) 279-0625

TROY E. PEYTON, ESQ. (NV Bar No. 1188)
703 South Eighth Street
Las Vegas, NV 89101
Telephone (702) 388-4466
Facsimile (702) 388-4474

Attorneys For Plaintiff, NORTHEASTERN NEVADA REGIONAL HOSPITAL

## UNITED STATES DISTRICT COURT,
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| NORTHEASTERN NEVADA REGIONAL HOSPITAL, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| QUEENSTAKE RESOURCES USA INC.; QUEENSTAKE RESOURCES USA INC. EMPLOYEE BENEFIT PLAN, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Northeastern Nevada Regional Hospital files this Complaint against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, and alleges as follows:

### PARTIES

1.     Plaintiff Northeastern Nevada Regional Hospital ("NNRH") is a Nevada corporation that is, and at all times material hereto was, conducting business in Elko, Elko County, Nevada.

2.     Defendant Queenstake Resources USA Inc. ("Queenstake") is a Delaware corporation that is, and at all times material hereto was, conducting business in Elko County, Nevada, and other locations within the State of Nevada.  No service of process is requested at this time, as NNRH will request that Queenstake waive service of process pursuant to Rule 4, Fed. R.

1    Civ. P.

2        3.      Defendant Queenstake Resources USA Inc. Employee Benefit Plan ("Queenstake

3    Plan") is, upon information and belief, an employee welfare benefit plan which was at all material

4    times organized and administered under the provisions of the Employee Retirement Income Security

5    Act, 29 U.S.C. 1001, *et seq.*,as amended ("ERISA") and is, and at all times material hereto was,

6    conducting business in Elko County, Nevada, and other locations within the State of Nevada. No

7    service of process is requested at this time, as NNRH will request that Queenstake Plan waive

8    service of process pursuant to Rule 4, Fed. R. Civ. P.

9                        **JURISDICTION AND VENUE**

10       4.      Jurisdiction is proper in this Court under 28 U.S.C. §1331 as some of the claims made

11   the basis of this complaint fall under the provisions of the Employee Retirement Income Security

12   Act, 29 U.S.C. 1001, *et seq.*, as amended ("ERISA"), and this Court should exercise its pendant

13   jurisdiction over the state law claims alleged.

14            **QUEENSTAKE PLAN PARTICIPANTS' ADMISSIONS TO**
15               **NORTHEASTERN NEVADA REGIONAL HOSPITAL**

16       5.      Throughout the calendar years 2007 and 2008, various persons who were participants

17   in the Queenstake Plan (collectively "Queenstake Members") received necessary medical and

18   surgical care, treatment, services and supplies ("Medical Care") from NNRH.

19       6.      At the request of the Queenstake Members, NNRH provided Medical Care in the

20   amount of $243,295.15.  The Queenstake Members that received this Medical Care, the dates the

21   Medical Care was provided, and the charges for the Medical Care are all set forth on the claim

22   spreadsheet attached hereto as Exhibit A, which is incorporated herein by reference (collectively

23   referred to as "Queenstake Claims").

24       **THE QUEENSTAKE PLAN AND THE QUEENSTAKE MEMBERS' COVERAGE THEREUNDER**

25       7.      At the time the Queenstake Claims were incurred, and all times material hereto,

26   Queenstake established and maintained the Queenstake Plan for the benefit of its employees and

27   their dependants.

28       8.      As an employee or a dependent of an employee of Queenstake, each of the

**Complaint**                                                    Page 2 of  8

1  Queenstake Members were entitled to, and did, participate in the Queenstake Plan at the time the
2  Medical Care was provided to the Queenstake Member, at the time the Queenstake Claims were
3  incurred and at all times material to this Complaint.

4      9.     At all times material to the claims made by NNRH herein, each Queenstake Member
5  was a participant or beneficiary of the Queenstake Plan, as those terms are defined in ERISA and
6  its enacting regulations, 29 C.F.R. 2560.503-1, *et seq.* ("DOL Regulations").

7      10.    Upon information and belief, the Queenstake Plan was a self-funded ERISA
8  employee welfare benefit plan that provided health care, major medical and hospitalization benefits
9  for the employees of Queenstake and their dependants, including the Queenstake Members.

10     11.    Upon information and belief, Queenstake or a committee comprised of Queenstake
11 employees, was the plan administrator, named fiduciary and claims administrator of the Queenstake
12 Plan.

13                 **THE QUEENSTAKE PLAN AND THE NMN PPO CONTRACT**

14     12.    At all times material hereto, a contract existed between either Queenstake or the
15 Queenstake Plan and Nevada Medical Network, Inc. ("NMN Payor Contract"), whereby the
16 Queenstake Plan participated in the preferred provider organization network established by Nevada
17 Medical Network, Inc. ("NMN PPO").

18     13.    At all times material hereto, NNRH participated in the NMN PPO through a contract
19 titled "Agreement Between Nevada Medical Network, Inc. and PHC-Elko, Inc. d/b/a Northeastern
20 Nevada Regional Hospital," with an effective date of January 1, 2003 ("NMN Hospital Contract").

21     14.    Pursuant to the NMN Hospital Contract and the NMN Payor Contract, NNRH was
22 entitled to receive reimbursement directly from Queenstake and the Queenstake Plan on its
23 Queenstake Claims for the Medical Care provided to the Queenstake Members at the rate of one
24 hundred percent of its billed charges.

25 **NNRH'S CLAIMS FOR BENEFITS FOR MEDICAL CARE PROVIDED TO QUEENSTAKE MEMBERS**

26     15.    As a consideration for the Medical Care provided to the Queenstake Members,
27 NNRH obtained an assigned interest in benefits provided under the Queenstake Plan from each of
28 the Queenstake Members, making it a beneficiary of the Queenstake Plan, and a claimant under the

DOL Regulations, and provided notice of its assigned rights to Queenstake and the Queenstake Plan in accordance with industry standards.

16.   NNRH timely and properly submitted its claims for benefits to Queenstake and the Queenstake Plan for all of the Medical Care provided to Queenstake Members which comprise the Queenstake Claims.

17.   NNRH's claims for benefits for the Medical Care provided to the Queenstake Members total $243,295.15.

18.   Pursuant to the NMN Hospital Contract, NNRH was entitled to payment from Queenstake and the Queenstake Plan on the Queenstake Claims in the amount of $243,295.15, less applicable deductibles and coinsurance, if any.

19.   Queenstake and the Queenstake Plan have failed and refused, and have continued to fail and refuse to pay NNRH for the Queenstake Claims, leaving a balance currently due of at least $243,295.15.

20.   NNRH has performed all conditions precedent to recovery of plan benefits for the Queenstake Claims under both the Queenstake Plan and the NMN Hospital Contract.

21.   All medical conditions for which the Queenstake Members received Medical Care from NNRH which comprise the Queenstake Claims were covered illnesses or injuries under the terms of the Queenstake Plan.

22.   All Medical Care provided by NNRH to the Queenstake Members that comprise the Queenstake Claims was covered under the terms and conditions of the Queenstake Plan.

23.   All Medical Care provided by NNRH to the Queenstake Members that comprise the Queenstake Claims was medically necessary as defined in and covered  under the terms and conditions of the Queenstake Plan.

24.   All charges for all Medical Care provided by NNRH to the Queenstake Members that comprise the Queenstake Claims were the usual, customary and reasonable charges for the same in the Elko County, Nevada vicinity at the time provided.

25.   Pursuant to the terms of the NMN Hospital Contract, Queenstake and the Queenstake Plan are liable for the reasonable attorney fees incurred by NNRH in bringing this action to recover

the benefits due it for the Medical Care provided to the Queenstake Members, for which amounts NNRH sues Queenstake and the Queenstake Plan.

### FIRST CAUSE OF ACTION
#### (Civil Enforcement Action Under ERISA)

26.     NNRH hereby realleges paragraphs 1 through 25 above, and incorporates the same herein by reference as if fully set forth verbatim.

27.     The adverse benefit determinations made by Queenstake and the Queenstake Plan on NNRH's Queenstake Claims are violations of ERISA and the DOL Regulations entitling NNRH to bring this civil action pursuant to § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] to recover the benefits due it under the terms of the Queenstake Plan and the NMN Hospital Contract, and to enforce its rights under the terms of the Queenstake Plan and the NMN Hospital Contract.

28.     The adverse benefit determinations made by Queenstake and the Queenstake Plan on NNRH's Queenstake Claims are a breach of the Queenstake Plan, are a breach of Queenstake's fiduciary duties, and are a violation of ERISA.  Additionally, or in the alternative, the adverse benefit determinations on NNRH's Queenstake Claims are an arbitrary and capricious exercise of discretionary authority, if any discretionary authority existed under the terms of the Queenstake Plan.

29.     Queenstake and the Queenstake Plan failed to provide NNRH a reasonable claims procedure as required under ERISA and the DOL Regulations including, but not limited to: failing to provide written notices of adverse benefit determinations that comply with the requirements of the DOL Regulations; failing to provide relevant information and documents requested by NNRH in connection with its request for an administrative review; and, failing to allow NNRH to engage in an administrative review process on the adverse benefit determinations related to the Queenstake Claims.  The violations of Queenstake and the Queenstake Plan thereby excuse NNRH from exhausting required administrative remedies, if any.  Alternatively, NNRH exhausted all administrative remedies required and made available to it under the Queenstake Plan insofar as necessary.

30.     Because Queenstake and the Queenstake Plan failed to provide NNRH a reasonable

1   claims procedure as required under ERISA and the DOL Regulations, and because the adverse claim

2   determination involves only violations of ERISA and not the exercise of vested discretionary

3   authority, if any, in the interpretation of plan documents, the standard of review is de novo.

4   Alternatively, NNRH is informed and therefore believes that Queenstake is both the funding source

5   and the named fiduciary and plan administrator of the Queenstake Plan and is, therefore, operating

6   under a conflict of interest, requiring a minimal deferential standard of review.

7       31.    The adverse benefit determinations, breaches of the Queenstake Plan, breaches of

8   fiduciary duties, and violations of ERISA and the DOL Regulations, are the direct, proximate and

9   producing cause of economic damages to NNRH in the principal amount of at least TWO

10   HUNDRED FORTY-THREE THOUSAND TWO HUNDRED NINETY-FIVE and 15/100

11   DOLLARS ($243,295.15), for which amounts NNRH prays for judgment against Queenstake and

12   the Queenstake Plan, jointly and severally.

13       32.    It was necessary for NNRH to retain the services of The Law Offices of Mark

14   Douglas Herbert, *A Professional Corporation*, to prepare and prosecute this action.  NNRH has

15   agreed to pay a reasonable attorney's fee for the services of The Law Offices of Mark Douglas

16   Herbert, *A Professional Corporation*, in connection with this matter.  Accordingly, NNRH sues

17   Queenstake and the Queenstake Plan, jointly and severally, for the recovery of its attorney fees,

18   prejudgment and post judgment interest as prescribed by ERISA.

19       33.    Since NNRH was not provided the relevant information and documents relating to

20   the establishment, maintenance and administration of the Queenstake Plan and the processing and

21   handing of the Queenstake Claims, as requested several months prior to filing this Complaint,

22   NNRH has been damaged and is entitled to a penalty of $110.00/day beginning thirty days from the

23   date of its request, for which amounts NNRH also sues Queenstake and the Queenstake Plan, jointly

24   and severally.

25       WHEREFORE, Plaintiff Northeastern Nevada Regional Hospital prays that Defendants

26   Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan be

27   cited to appear and answer herein, and upon final trial or disposition hereof, Northeastern Nevada

28   Regional Hospital have and recover of and from the Defendants as follows:

A.     Under NNRH's First Cause of Action:

1.     Judgment against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, jointly and severally, for the benefits due under the Queenstake Plan and the NMN Hospital Contract in the amount of at least TWO HUNDRED FORTY-THREE THOUSAND TWO HUNDRED NINETY-FIVE and 15/100 DOLLARS ($243,295.15);

2.     Judgment against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, jointly and severally, for discretionary interest on the amount of NNRH's actual damages from the date payment was due until the date of judgment;

3.     Judgment against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, jointly and severally, for NNRH's reasonable attorney's fees for the preparation and trial of this matter in the trial court; for the appeal of this matter to a court of appeals; and for the appeal and/or writ of error of this matter to the United States Supreme Court;

4.     Judgment against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, jointly and severally, for all costs of court expended in the trial and appeal of this matter;

5.     Judgment against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, jointly and severally, for the statutory penalty of ONE HUNDRED TEN ($110.00) Dollars per day from the date Defendants were obligated to provide relevant information and documents to NNRH until such are provided;

6.     Judgment against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, jointly and severally, for post-judgment interest at the highest rate allowed by law from the date of judgment until paid in full; and

7.     Judgment against Defendants Queenstake Resources USA Inc. and Queenstake Resources USA Inc. Employee Benefit Plan, jointly and severally, for such other and further relief, general or special, legal or equitable, to which NNRH may show itself entitled.

**UNDERSIGNED COUNSEL HAS COMPLIED WITH LOCAL RULE IA 10-2**

Dated this 28th day of July, 2009.

Respectfully, submitted,

**THE LAW OFFICES OF MARK DOUGLAS HERBERT, P.C.**

By: s/ Mark Douglas Herbert

Mark Douglas Herbert, Esq.

**ATTORNEYS FOR PLAINTIFF
NORTHEASTERN NEVADA REGIONAL HOSPITAL**