TROY E. PEYTON, ESQ. (NV Bar No. 1188)
RUMPH & PEYTON
300 S. 4th St., Ste. 800
Las Vegas, NV 89101
Telephone (702) 388-4466
Facsimile (702) 388-4474

MARK DOUGLAS HERBERT, ESQ. (CO Bar No. 023691)
THE LAW OFFICES OF MARK DOUGLAS HERBERT, P.C.
2215 Ford Street
Golden, Colorado 80401
Telephone (303) 279-0650
Facsimile (303) 279-0625

Attorneys For Plaintiff, NORTHEASTERN NEVADA REGIONAL HOSPITAL

**UNITED STATES DISTRICT COURT,**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NORTHEASTERN NEVADA REGIONAL HOSPITAL, | Case No. 3:09-cv-00414-ECR-RAM |
| Plaintiff, | |
| v. | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| QUEENSTAKE RESOURCES USA INC.; QUEENSTAKE RESOURCES USA INC. EMPLOYEE BENEFIT PLAN, | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | |

**1. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

**a.    Date Of Rule 26(f) Meeting.** The parties held their preconference meeting pursuant to Rule 26(f), Fed. R. Civ. P. on February 23, 2010.

**b.    Names Of Each Participant And Party Represented.** Mark Douglas Herbert, The Law Offices of Mark Douglas Herbert, A Professional Corporation, 2215 Ford Street, Golden, Colorado 80401, appeared on behalf of Plaintiff, Northeastern Nevada Regional Hospital; Gary E. Di Grazia, Goicoechea, Di Grazia, Coyle & Stanton, Ltd., 530 Idaho Street, Elko, Nevada 89801,

1  appeared on behalf of Defendants Queenstake Resources USA, Inc. and Queenstake Resources USA,
2  Inc. Employee Benefit Plan.

3        **c.**      **Date Rule 26(a)(1) Disclosures Will Be Made.** The Parties agree to make pretrial
4  initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before March 25, 2010.

5        **d.**      **Statement Regarding Electronically Stored Information.** Counsel for the parties
6  have discussed whether electronically stored information exists in this case, and have determined that
7  it does. Counsel understand that the electronically stored information of the parties is industry-
8  standard, and that its identification and production will present no issues, including cost. Counsel
9  understand that all electronically stored information is readily convertible to paper format. Counsel
10 have agreed to reduce all electronically stored information to paper format to ensure its preservation
11 and facilitate discovery and, in addition, to advise the parties in writing of their requirement to
12 preserve all electronically stored information throughout the course of this action.

13           **i.**      **Plaintiffs' Electronically Stored Information:** The electronically stored
14 information identified by Northeastern Nevada Regional Hospital consists of account system notes
15 for the claims made the basis of this action, demographic data pertaining to the claims and payment
16 information related to the claims.

17           **ii.**      **Defendants' Electronically Stored Information:** The electronically stored
18 information identified by the Defendants consists of account system notes, claims history and data
19 pertaining to claims payments and denials for the claims made the basis of this action.

20       **2. CASE PLAN AND SCHEDULE**

21       **a.**      **Deadline For Joinder Of Parties And Amendment Of Pleadings:** June 21, 2010.

22       **b.**      **Discovery Cut-off:** Both Defendants Answered the Complaint November 23, 2009.
23 Counsel for Plaintiff and Defendants believe that because of the number of individual claims involved
24 in this action (165), and the possibility that coverage issues might be raised in some or all of the
25 Claims, discovery cannot be completed within the required 180 day period. The Parties therefore
26 request 300 days in which to complete discovery in this action, resulting in a discovery deadline of
27 September 20, 2010.
28 ///

1      **c.**    **Dispositive Motion Deadline:** October 20, 2010.

2      **d.**    **Expert Witness Disclosure:** The Parties shall designate all experts and provide
3  opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on
4  or before July 20, 2010. The Parties shall designate all rebuttal experts and provide opposing counsel
5  and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August
6  20, 2010.

7      **e.**    **Pretrial Order:** The Parties shall file the Pretrial Order on or before November 22,
8  2010; provided, in the event dispositive motions are pending on that date, then the Pretrial Order shall
9  be filed on or before thirty days after the Court rules on the dispositive motion(s), or as otherwise
10  ordered by the Court. The Pretrial Order shall include the required Rule 26(a)(3), Fed. R. Civ. P.
11  disclosures, and any objections thereto.

12      **f.**    **Discovery Procedure:** In the event this action is not settled by the Parties, initial
13  discovery should focus on what basis the Claims were denied by Defendants under the terms of the
14  Queenstake Plan, if any. Discovery need not be focused or limited thereafter. In addition, because
15  of the number of Claims and the lack of prior clarity as to any basis for non-payment under the terms
16  of the Queenstake Plan, Plaintiff requests the right to increase the number of permitted interrogatories
17  from twenty-five to each party, to one hundred to each party. Plaintiff can economically ascertain
18  a good deal of information concerning why the Claims were not paid with relatively short, straight-
19  forward interrogatories, although considerably more than twenty-five will be required to do so.

20      **3. SETTLEMENT**

21  The parties continue to discuss the settlement of this action, and believe it can be settled in
22  the relatively near future. Indeed, the Parties had a settlement agreement prepared and partially
23  executed before the Defendants were ordered to temporarily cease operations in Nevada. Defendants
24  are now operating once more, and the Parties will continue to work toward settling the Claims.

25  ///

26  ///

27      DATED this 25th day of February, 2010.

28                                      **THE LAW OFFICES OF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MARK DOUGLAS HERBERT, P.C.**

s/ Mark Douglas Herbert
Mark Douglas Herbert
Appearing Pro Hac Vice
2215 Ford Street
Golden, Colorado 80401
(303) 279-0650 Telephone
(303) 279-0625 Facsimile
Mark@markherbertlaw.com

ATTORNEYS FOR PLAINTIFF
NORTHEASTERN NEVADA REGIONAL
HOSPITAL

DATED this 25th day of February, 2010.

**GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.**

s/ Gary E. Di Grazia
Gary E. Di Grazia
Atate Bar No. 198
530 Idaho Street
Elko, Nevada 89801
(775) 738-8091
(775) 738-4220 Facsimile
Gdigrazia@frontiernet.net

ATTORNEYS FOR DEFENDANTS
QUEENSTAKE RESOURCES USA, INC. and
QUEENSTAKE RESOURCES USA, INC.
EMPLOYEE BENEFIT PLAN

**IT IS SO ORDERED:**

**DATED** _____.     BY THE COURT:

_____
United States Magistrate Judge

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 25, 2010, I electronically filed the foregoing **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Gary E. Di Grazia
gdclaws@frontiernet.net

Troy E. Peyton
troy@peytonlaw.net

and I hereby certify that I have mailed by United States Postal Service the documents to the following CM/ECF participants:

Gary E. Di Grazia
Law Offices of Goicoechea, Di Grazia, Coyle & Stanton, LTD.
530 Idaho Street
Elko, Nevada 89801

Troy E. Peyton
2300 West Sahara Avenue
Suite 500
Las Vegas, Nevada 89102

s/Kristine Fernatt
Kristine Fernatt